UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSCOLA DIVISION

GERALD JAMES CARTER,
FDOC Inmate #G11093,
    Plaintiff,

v.                                                Case No. 3:25cv452/AW/ZCB

R. QUINN, et al.,
    Defendants.
                                  /

**REPORT AND RECOMMENDATION**

    This is a *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983. (Doc. 17). Having performed its screening obligation under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), the Court believes dismissal is warranted because Plaintiff failed to accurately disclose his litigation history.

    The prisoner civil rights complaint form requires a prisoner to disclose his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for failing to accurately disclose litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*,

1

857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits).[1] Dismissal is appropriate, even if the prisoner claims that a misunderstanding caused his failure to accurately disclose his litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

---

[1] A raft of Eleventh Circuit cases say the same thing. *See, e.g.*, *Allen v. Santiago*, No. 22-11946, 2023 WL 5745494, at *1 (11th Cir. Sept. 6, 2023) (affirming dismissal of *pro se* plaintiff's case as malicious because he failed to disclose all of his relevant prior litigation); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant[s] dismissal under § 1915"); *Jones v. Szalai*, 778 F. App'x 847, 848 (11th Cir. 2019) (affirming dismissal of *pro se* plaintiff's case for malicious abuse of judicial process as an appropriate sanction for plaintiff's failing to disclose a prior case on the complaint form); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case as malicious because he misrepresented the number of cases he had previously filed in the district court); *Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after he failed to disclose a habeas action because the habeas action fell "squarely within the complaint form's disclosure requirements").

Here, the complaint form required Plaintiff to disclose information regarding prior civil cases, including appeals, he had filed in state and federal courts.[2] (Doc. 17 at 17-21).[3] Question C of the Prior Litigation section asked Plaintiff if he had "filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" (*Id.* at 17). Plaintiff answered "Yes" in response to Question C and listed six federal district court cases. (*Id.* at 17-19).[4]

At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." (*Id.* at 21-22).[5]

Plaintiff, therefore, certified that at the time he filed this case on March 19, 2025[6] (Doc. 1 at 20) and again when he filed his first amended

---

[2] Plaintiff misrepresented his litigation history on the initial complaint (Doc. 1) and the first amended complaint (Doc. 17).
[3] The Court refers to the page numbers automatically assigned by the Court's electronic filing system.
[4] *See also* Doc. 1 at 19-21.
[5] *See also* Doc. 1 at 19-20.
[6] *See Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (stating

3

complaint on May 23, 2025 (Doc. 17 at 22), he had fully disclosed his litigation history.

The Court has researched Plaintiff's litigation history and discovered that he failed to accurately disclose it. According to the Public Access To Court Electronic Records system (PACER), Plaintiff filed the following undisclosed federal appeals before initiating the current case:

- *Carter v. Carey, et al.,* No. 18-14969, (11th Cir.) (filed on November 29, 2018);

- *Carter v. Sec'y, Dep't of Corr., et al.,* No. 20-12472 (11th Cir.) (filed on July 2, 2020); and

- *Carter v. McCullen, et al.,* No. 22-10499 (11th Cir.) (filed on Feb. 15, 2022).

How does the Court know that this Gerald J. Carter and the Gerald J. Carter who filed the above federal appeals are the same person? The prisoner in the above appeals listed FDOC Inmate #G11093 on the notice of appeal/motion for certificate of appealability in each of those appeals.

---

that a "*pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing").

4

(Doc. 1-2, No. 18-14969 (11th Cir.); Doc. 1-2, No. 20-12472 (11th Cir.); Doc. 1-2, No. 22-10499 (11th Cir.)). Plaintiff has listed the same inmate number (#102311) on his pleadings in this case.[7]

In *Carter v. Carey, et al.,* No. 18-14969 (11th Cir.), Plaintiff appealed the district court's dismissal of his § 1983 complaint against two prison officials alleging they assaulted him at Florida State Prison in violation of his rights under the Eighth Amendment. (Doc. 1-2, Doc. 1-4, (11th Cir.)).

In *Carter v. Sec'y, Dep't of Corr., et al.,* No. 20-12472 (11th Cir.), Plaintiff appealed the district court's dismissal of his habeas petition under 28 U.S.C. § 2254. (Doc. 1 at 1-2, Doc. 1-3 (11th Cir.)).

In *Carter v. McCullen, et al.,* No. 22-10499 (11th Cir.), Plaintiff appealed the district court's dismissal of his § 1983 complaint against four prison officials alleging they chemically sprayed him at Florida State Prison and then transferred him to a different prison in violation of his rights under the Eighth and Fourteenth Amendments. (Doc. 1-2, Doc. 1-3, (11th Cir.)).

---

[7] *See* Doc. 1 at1; Doc. 17 at 1.

Because all three of these appeals either challenged Plaintiff's conviction or related to the conditions of his confinement in the FDOC, they should have been disclosed in response to Question C of the complaint form. Yet Plaintiff failed to disclose any of these appeals in his pleadings.

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425,

at *3 (11th Cir. July 1, 2022) (stating that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").  The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that the complaint forms need not be truthfully completed.  *See Strickland*, 739 F. App'x at 588 ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence.  It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."); *Rodriguez v. Inch*, No. 4:19cv191, 2020 WL 3050231, at *1 (N.D. Fla. June 7, 2020) (Hinkle, J.) ("If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information.  If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose.").

As detailed above, Plaintiff—under penalty of perjury—misstated his prior litigation history.  Consistent with the Eleventh Circuit precedent previously cited, this matter should be dismissed without

prejudice.[8] *See Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (stating that a "§ 2254 habeas petition is a challenge to a conviction" and affirming dismissal for abuse of the judicial process after *pro se* plaintiff failed to disclose a habeas petition that fell "squarely within the complaint form's disclosure requirements"*); see also Grammer v. Connley*, No. 5:23-CV-162-MCR-MJF, 2023 WL 7554069, at *2-4 (N.D. Fla. July 28, 2023), (dismissing without prejudice for failure to disclose a federal habeas petition filed in the Middle District under § 2254), *adopted*, 2023 WL 7554026 (N.D. Fla. Nov. 14, 2023).

---

[8] Providing Plaintiff an opportunity to amend his complaint again to disclose the previous lawsuit would be an inadequate sanction (especially because he had an opportunity to amend and still failed to disclose the appeals in his amended complaint). *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially); *see also Rodriguez*, 2020 WL 3050231, at *1 (stating that "dismissal without prejudice is not too severe a sanction" for failing to accurately disclose litigation history).

Accordingly, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED without prejudice** as a malicious abuse of the judicial process under 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1).

2. All pending motions be **DENIED** as moot.

3. The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 9th day of June 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

**Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.