IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**GERALD JAMES CARTER,**

    **Plaintiff,**

v.                                                                               Case No. 3:25-cv-452-AW-ZCB

**R. QUINN, et al.,**

    **Defendants.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se prisoner Gerald James Carter initiated this § 1983 case. The court granted leave to proceed without prepayment of the entire filing fee. ECF No. 8. Then, after screening, the magistrate judge recommended dismissal based on Plaintiff's failure to accurately disclose his litigation history. ECF No. 19. Having carefully considered the matter, and having considered de novo the issues raised in Plaintiff's objections (ECF No. 22), I now adopt the report and recommendation and incorporate it into this order.

As the magistrate judge explains, Plaintiff had cases he did not disclose on his complaint form. I agree with the magistrate judge that the disclosure requirement is important, and that allowing a later amendment would undermine the purpose of the requirement. I also agree that a sanction less than dismissal would be insufficient. I have considered the fact that the dismissal without prejudice would not operate as a

dismissal with prejudice because there is no indication that the statute of limitations has run. The complaint references conduct from 2024.

In his objections, Plaintiff first cites the *Iqbal* standard for a motion to dismiss, which has no bearing here. He then notes that he disclosed the underlying cases even if he did not disclose the appeals from those cases. But that is not enough. The form plainly asked whether Plaintiff had "filed any other lawsuit, habeas corpus petition, *or appeal*" relating to conditions of confinement. ECF No. 1 at 17.

Having considered all the circumstances, I agree dismissal without prejudice is appropriate. The clerk will enter a judgment that says, "This case is dismissed without prejudice as malicious for failure to accurately disclose litigation history." The clerk will then close the file.

SO ORDERED on July 3, 2025.

s/ *Allen Winsor*
Chief United States District Judge